# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Wesley Ivy Jr., Plaintiff Below,
Petitioner**

**vs) No. 14-0762** (Fayette County 14-C-80)

**The City of Montgomery, a West Virginia
municipal corporation, John Kauff, individually
and in his capacity as Police Chief of the City of
Montgomery, West Virginia, and James F. Higgins Jr,
individually and in his capacity as Mayor of the City
of Montgomery, West Virginia, Defendants Below,
Respondents**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Wesley Ivy Jr., by counsel Michael T. Clifford, appeals the Circuit Court of Fayette County's July 9, 2014, order granting respondents' motion to dismiss his civil suit alleging retaliatory discharge, discrimination, and discharge in contravention of public policy. Respondents, by counsel Vaughn T. Sizemore, filed a response. On appeal, petitioner alleges that the circuit court erred in granting respondents' motion to dismiss based on collateral estoppel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2008, the City of Montgomery ("the City") hired petitioner, an African American, as a police officer. He was later promoted to the rank of lieutenant, but a dispute arose as to when the promotion was effective and when petitioner would receive a pay increase. As a result of the dispute, petitioner filed a racial discrimination lawsuit that was eventually settled in July of 2010. Thereafter, following an eight-count complaint the City filed before the Police Hearing Board ("the Board"), petitioner was suspended from the Montgomery Police Department in April of 2012 pending the outcome of a hearing before the Board.

Petitioner's hearing before the Board was held in July of 2012. During the hearing, both parties were represented by counsel, allowed to call any witnesses they chose, and allowed to make objections and a record for appeal. As a defense to the City's allegations, petitioner alleged that the complaints against him were retaliatory, discriminatory, and motivated by petitioner's

1

prior filing of a racial discrimination suit against the City. Following the hearing, the Board found in the City's favor on three of the eight counts. Specifically, the Board found that petitioner fell asleep while guarding a prisoner who escaped; ignored a citizen, refused to address a situation with that citizen, and was discourteous to that citizen; and failed to provide a witness list for trial as the investigating officer, resulting in a settlement unfair to the City. As a result of the Board's findings, petitioner's employment was terminated. Petitioner thereafter appealed the Board's decision to the circuit court, which upheld the Board's ruling. Petitioner then appealed the decision to this Court. On November 22, 2013, we issued a memorandum decision affirming the Board's decision. *See Ivy v. The City of Montgomery*, No. 13-0265 (W.Va. Supreme Court, November 22, 2013) (memorandum decision).

In March of 2014, petitioner filed a civil complaint alleging unlawful discrimination, retaliation, and discharge in contravention of public policy. Thereafter, respondents filed a motion to dismiss asserting that petitioner's claims were barred under the doctrine of collateral estoppel. The circuit court ultimately granted the motion and entered an order dismissing petitioner's civil suit. It is from the order granting respondents' motion to dismiss that petitioner appeals.

With regard to the standard of review for orders granting motions to dismiss, we have held as follows:

> This Court has explained that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W.Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co. Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977). "Dismissal for failure to state a claim is proper 'where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Murphy v. Smallridge*, 196 W.Va. 35, 37, 468 S.E.2d 167, 168 (1996). This Court has also held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

*Mey v. Pep Boys-Manny, Moe & Jack*, 228 W.Va. 48, 52, 717 S.E.2d 235, 239 (2011). Upon our review, we find no error in the circuit court granting respondents' motion to dismiss on grounds of collateral estoppel.

In discussing collateral estoppel, we have stated that

> "[c]ollateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party

against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." Syllabus Point 1, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 4, *Abadir v. Dellinger*, 227 W.Va. 388, 709 S.E.2d 743 (2011). In the current matter, the circuit court correctly found that petitioner's claims in the current lawsuit were barred by collateral estoppel, as he raised these same claims in his prior grievance proceeding before the Board. On appeal, petitioner relies primarily on our holding in *Vest v. Board of Education of the County of Nicholas*, 193 W.Va. 222, 455 S.E.2d 781 (1995), to argue that collateral estoppel should not attach to his defense before the Board. However, we do not agree.

In *Vest*, the administrative proceeding at issue was substantially different than the one before the Court on appeal. The plaintiff in *Vest* filed a grievance with the West Virginia Education and State Employees Grievance Board ("Grievance Board"), which this Court found to be substantially dissimilar to a proceeding under the West Virginia Human Rights Act, West Virginia Code §§ 51-11-1 to 51-11-20, under which the plaintiff filed her civil suit. In discussing the differences between a proceeding before the Grievance Board and a civil suit under the West Virginia Human Rights Act, we noted that "[i]n the vast majority of grievances, for example, the grievant is not represented by a lawyer," among other differences. As such, this Court ultimately held that "[a] civil action filed under the West Virginia Human Rights Act, W.Va.Code, 5-11-1, *et seq.*, is not precluded by a prior grievance decided by the West Virginia Education and State Employees Grievance Board arising out of the same facts and circumstances." *Vest*, 193 W.Va. 222, 223, 455 S.E.2d 781, 782, Syl. Pt. 3 (1995). As such, it is clear that the *Vest* holding is limited strictly to proceedings before the Grievance Board at issue in that matter, and does not apply to petitioner's proceeding before the Board in the current matter.

In granting respondents' motion to dismiss, the circuit court provided a thorough discussion of the applicable law, including petitioner's arguments based on our holding in *Vest*. The circuit court further addressed each of the four factors we set forth for determining when collateral estoppel bars a subsequent suit based upon the same claims. Upon our review and consideration of the circuit court's order, the parties' arguments, and record submitted on appeal, we find no error or abuse of discretion by the circuit court. Moreover, our review of the record on appeal supports the circuit court's decision to grant respondents' motion to dismiss. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error petitioner raises on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's claim that collateral estoppel does not bar his civil suit, and direct the Clerk to attach a copy of the circuit court's July 9, 2014, "Order" to this memorandum decision.

For the foregoing reasons, the circuit court's July 9, 2014, order granting respondents' motion to dismiss is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Justice Robin Jean Davis


I would remand for consideration pursuant to this Court's prior holding in *Vest v. Board of Education of the County of Nicholas*, 193 W.Va. 222, 455 S.E.2d 781 (1995).