IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2017 Term

_____

No. 16-0326

_____

FILED

**April 17, 2017**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WEST VIRGINIA DEPARTMENT OF TRANSPORTATION,
DIVISION OF HIGHWAYS
Petitioner Below, Petitioner

v.

DOUGLAS R. VEACH, CATHERINE D. VEACH, ARVELLA PIERCY, ARETTA
TURNER, ROSELLA A. VEACH, SHEILA KAY VEACH, SHERWOOD S. VEACH,
SHARON A. MEHOK, F. CRAIG VEACH, L. COLEMAN VEACH, REGINALD K.
VEACH, JEFFREY T. VEACH, ERIC C. VEACH, CHRISTOPHER K. VEACH, ST.
MARY'S CATHOLIC CHURCH AND EPIPHANY OF THE LORD CEMETERY,
AND THE ROMAN CATHOLIC DIOCESE WHEELING-CHARLESTON,
Respondents Below, Respondents

_____

Appeal from the Circuit Court of Hardy County
The Honorable Andrew N. Frye, Jr., Judge
Civil Action No. 11-C-36

AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED

_____

Submitted: January 17, 2017
Filed: April 17, 2017

Scott L. Summers, Esq.                    J. David Judy, III, Esq.
Summers Law Office, PLLC                  Judy & Judy
Charleston, West Virginia                 Moorefield, West Virginia
Counsel for the Petitioner                Counsel for the Respondents

JUSTICE WALKER delivered the Opinion of the Court.
JUSTICE KETCHUM concurs and reserves the right to file a concurring opinion.

SYLLABUS BY THE COURT

1.     "A circuit court's entry of summary judgment is reviewed *de novo*."

Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

2.     "A motion for summary judgment should be granted only when it is

clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not

desirable to clarify the application of the law." Syllabus Point 3, *Aetna Cas. & Sur. Co. v.*

*Federal Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

3.     "Where the issue on an appeal from the circuit court is clearly a

question of law or involving an interpretation of a statute, we apply a *de novo* standard of

review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415

(1995).

4.     "The trial [court] . . . is vested with a wide discretion in determining

the amount of . . . court costs and counsel fees; and the trial [court's] . . . determination of

such matters will not be disturbed upon appeal to this Court unless it clearly appears that

[it] has abused [its] discretion."  Syllabus Point 3, in part, *Bond v. Bond*, 144 W.Va. 478,

109 S.E.2d 16 (1959).

i

5. "A stipulation of counsel may be set aside, upon the request of one of the parties, on the ground of improvidence provided both parties can be restored to the same condition as when the agreement was made." Syllabus, *Cole v. State Comp. Comm'r*, 114 W. Va. 633, 173 S.E.263 (1934).

6. A circuit court is afforded wide discretion in determining whether or not a party should be relieved of a stipulation, and such decision should not be set aside absent an abuse of discretion.

7. "Plaintiff was conclusively bound by allegations of fact, material or immaterial, contained in his pleadings." Syllabus, *Pettry v. Hedrick*, 123 W. Va. 107, 13 S.E.2d 401 (1941).

8. "Collateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Syllabus Point 2, in part, *Conley v. Spillers*, 171 W. Va. 584, 301 S.E.2d 216 (1983).

9. "Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party

ii

against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." Syllabus Point 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

10. "Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Syllabus Point 4, *Aetna Cas. & Sur. Co. v. Pitrolo¸* 176 W.Va. 190, 343 S.E.2d 156 (1986).

11. "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959).

12. "Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syllabus Point 3, *Smith v. State Workmen's Compensation Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

WALKER, Justice:

Petitioner West Virginia Department of Transportation, Division of Highways ("DOH"), appeals the Circuit Court of Hardy County's March 2, 2016 order granting summary judgment against DOH and awarding attorneys' fees and costs to Respondents[1] ("Veach Heirs") in this condemnation action.

In this appeal, DOH asserts that the circuit court erred by refusing to set aside a stipulation entered into by its prior counsel that conceded ownership of limestone to the Veach Heirs as part of a mineral reservation. The DOH now contends that the Veach Heirs are not entitled to compensation for the limestone because limestone is not subject to a general mineral reservation and, therefore, the Veach Heirs do not own it. DOH further contends the circuit court erred in relying on these stipulations and applying the doctrine of collateral estoppel to grant the Veach Heirs' motion for summary judgment. Finally, DOH argues the circuit court erred in finding that it acted in bad faith and awarding costs and attorneys' fees to the Veach Heirs.

---

[1] Respondents Douglas R. Veach, Catherine D. Veach, Arvella Piercy, Aretta Turner, Rosella A. Veach, Sheila Kay Veach, Sherwood S. Veach, Sharon A. Mehok, F. Craig Veach, L. Coleman Veach, Reginald K. Veach, Jeffrey T. Veach, Eric C. Veach, Christopher K. Veach, St. Mary's Catholic Church and Ephiphany of the Lord Cemetary and the Roman Catholic Diocese Wheeling-Charleston are the heirs of Anna M. Veach and the owners of the severed mineral rights at issue in this case.

1

The Veach Heirs assert two cross-assignments of error. First, they argue that the circuit court erred in refusing to award attorneys' fees based upon their contingency fee contract with their counsel. The Veach Heirs also assert that the circuit court erred by ordering the statutory interest to commence on the date the condemnation proceeding was filed rather than the date the mandamus proceeding was filed.

Upon consideration of the parties' briefs and arguments, the submitted record and pertinent authorities, we affirm the circuit court's order granting summary judgment to the Veach Heirs and setting the date of commencement of interest from the date of the filing of the condemnation petition. However, we reverse the circuit court's rulings on attorneys' fees and costs and we remand the case with instructions to hold a hearing to provide both parties the opportunity to be heard on the issues of whether the Veach Heirs are entitled to recover attorney's fees and costs and, if so, the reasonableness of the amount to be awarded.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1968, Anna M. Veach conveyed to her three sons approximately 405 acres of real estate in Hardy County subject to a mineral reservation. The conveyance reserved to Ms. Veach "all minerals underlying the tracts of real estate." When Ms. Veach died on July 25, 2006, the Veach Heirs inherited her mineral rights.

2

In 2005, DOH began construction on a portion of the highway known as Corridor H near the Veach property. In the course of construction, DOH utilized limestone removed from the Veach property and a nearby property belonging to Margaret Z. Newton. In October 2010, the Veach Heirs filed a petition for writ of mandamus in the Circuit Court of Hardy County seeking to force DOH to institute a condemnation proceeding for the limestone excavated from their property. Construction on this section of Corridor H was completed and opened to the public on October 27, 2010.

Following discovery relating to DOH's duty to institute condemnation proceedings, the parties entered into an agreed order in March 2011 providing that DOH would institute a condemnation proceeding against the Veach Heirs' mineral interest, which included the limestone. Consequently, the mandamus proceeding was voluntarily dismissed. A similar agreed order was entered in a separate mandamus proceeding relating to the Newton property.

The resulting condemnation action relating to the Veach property commenced by petition filed on May 27, 2011, while the condemnation action relating to the Newton property commenced on April 29, 2011. The cases were consolidated for pre-trial hearings because, in the words of counsel for DOH, they dealt with "exactly the same" issues. Several pre-trial rulings were made to clarify the trial issues, including that (1)

3

DOH's failure to first contact Veach and Newton before the commencement of construction denied them the opportunity to determine the highest and best use of the limestone and the just compensation they were each entitled to receive; and (2) DOH entered onto Veach and Newton's respective properties and excavated and appropriated limestone without their permission and by so doing, acted in bad faith and in a willful trespass against their interests. The circuit court also adopted identical jury charges, instructions and verdict forms for both cases other than non-substantive differences. Regarding the Veach property specifically, the parties stipulated during a hearing in 2013 as follows:

1. That Anna M. Veach conveyed surface only to three (3) of her sons on August 31, 1968, reserving unto herself fee simple ownership of all minerals underlying the Veach real estate, without limitation or restriction, and which reservation and exception is free of ambiguity and clear in its intent.

2. That the minerals reserved by Anna M. Veach include limestone and gravel as defined by the Court.

Similarly, prior to trial in the Newton matter, the parties in that case stipulated that "the minerals reserved by Margaret Z. Newton include limestone and gravel as defined by the Court."

The parties agreed that the Newton case would be tried first. Following a three-day trial, the jury rendered a verdict in favor of Ms. Newton, finding that she had met

her burden of proving the quantity, quality, marketability, and market value of the limestone removed by DOH and left in its natural state on the property. The jury fixed the value of limestone that was removed from the property at $3.79/ton and allowed a value of $0.25/ton for limestone remaining in the ground. DOH appealed the verdict, which we affirmed in *West Virginia Department of Transportation, Division of Highways v. Newton*, 235 W. Va. 267, 773 S.E.2d 371 (2015) ("*Newton I*").

After the verdict was affirmed in *Newton I*, DOH retained different counsel to complete the remaining litigation in the Veach matter. New DOH counsel filed (1) a motion for summary judgment arguing that the Veach Heirs did not own the limestone because it is not a "mineral" subject to a general reservation of mineral rights; (2) a motion to rescind the stipulations on those points made by prior counsel; and (3) a motion to certify the question to this Court as to whether limestone is included in a general mineral reservation. The Veach Heirs also moved for summary judgment on the basis of collateral estoppel pursuant to adjudication of the Newton case.

The various motions were heard on August 25, 2015. On March 2, 2016, the circuit court granted the motion for summary judgment filed by the Veach Heirs and denied all three DOH motions on the grounds that DOH had stipulated to the Veach Heirs' ownership of the limestone, pleaded the Veach Heirs' ownership of the limestone, neglected to appeal the writ of mandamus on the subject, and voluntarily agreed to dismiss

5

the mandamus proceeding. The circuit court applied the market values for limestone as determined by the jury in the Newton case because the limestone was taken from a similarly situated property and the value had already been adjudicated by a Hardy County jury. The circuit court also ordered the payment of attorneys' fees and costs. The resulting award to the Veach Heirs was (1) $19,565,393.00 plus interest at a rate of 10% per annum accruing from the date of the take on May 27, 2011; (2) $13,051.01 plus interest at a rate of 7% per annum for attorneys' fees and costs in the mandamus action; and (3) $199,243.09 plus interest at a rate of 7% per annum for attorneys' fees and costs in the condemnation action. Thereafter, DOH filed this appeal.

## II.    STANDARD OF REVIEW

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). We review entry of summary judgment according to the same standards as the circuit court: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

Similarly, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995).

6

Finally, "[t]he decision to award or not to award attorneys' fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003); *see also Sanson v. Brandywine Homes, Inc.*, 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We . . . apply the abuse of discretion standard of review to an award of attorneys' fees."). Likewise, "[t]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees; and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion." Syl. Pt. 3, in part, *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959).

With these standards in mind, we address the parties' arguments.

### III. DISCUSSION

The assignments and cross-assignments of error are discussed separately below.

#### A. *The Stipulations*

DOH's first assignment of error concerns the circuit court's refusal to set aside the stipulations made by prior DOH counsel that the deed of conveyance executed by Anna Veach clearly reserved the minerals without limitation and that the mineral

7

reservation included the limestone and gravel. DOH argues that prior counsel's agreement to those stipulations should have been set aside because entering into the stipulations was not only improvident but also contrary to law.

Generally, attorneys are authorized to enter into stipulations on behalf of their clients and a party is ordinarily bound by a stipulation made by its attorney. 4 Willston on Contracts §8.50 (4th ed. 2016). However, a court may, under certain circumstances, set aside a stipulation:

> Relief is ordinarily grounded in the sound judicial discretion of the court, and is usually available only in cases of fraud, mistake, improvidence or material change in circumstances, where in equity and good conscience the stipulation ought not to stand. To be relieved from a stipulation, the party seeking relief must ordinarily act diligently, show good cause and provide fair notice. Generally, relief will only be afforded if enforcement of the stipulation will result in a manifest injustice upon one of the parties. Some courts distinguish, in regard to relief from stipulations, between procedural and substantive stipulations, granting relief from the former more readily.

*Id.* Similarly, in the Syllabus of *Cole v. State Compensation Commissioner*, 114 W. Va. 633, 173 S.E. 263 (1934), we explained that "[a] stipulation of counsel may be set aside, upon the request of one of the parties, on the ground of improvidence provided both parties can be restored to the same condition as when the agreement was made." *Id.* In formulating this test for setting aside a stipulation, the *Cole* court looked to *Palliser v. Home Telephone Company*, 54 So. 499, 500 (Ala. 1911), in which the Alabama court noted that counsel had the authority to bind parties by agreements in relation to a cause and that

8

such agreements should not be set aside for any less cause than would warrant the rescission of contracts in general, namely, fraud, accident, mistake, or some other ground of the same nature. *Id.* Accordingly, we now hold that a circuit court is afforded wide discretion in determining whether or not a party should be relieved of a stipulation, and such decision should not be set aside absent an abuse of discretion. Upon review of the factual circumstances present in the case before us, we find that the circuit court did not err in refusing to set aside DOH's stipulation.

First, DOH presented no evidence of fraud, accident, mistake or similar grounds that would "warrant the rescission of contracts in general." *Id.* While contractual basis for rescission was not specifically raised by DOH in the instant case, the record limits the plausible arguments to only mistake of fact or mistake of law:

> A mistake of fact consists of an unconscious ignorance or forgetfulness of a material fact, past or present, or of a mistaken belief in the past or present existence of a material fact which did not or does not actually exist. A mistake of law, on the other hand, consists of a mistaken opinion or inference arising from an imperfect or incorrect exercise of judgment upon the facts as they really are and occurs when a person, having full knowledge of the facts, is ignorant of or comes to an erroneous conclusion as to the legal effect of his acts.

*Webb v. Webb*, 171 W. Va. 614, 618, 301 S.E.2d 570, 574–75 (1983) (internal citations omitted). "[A] party may not avoid the legal consequences on the ground of mistake, even a mistake of fact, where such mistake is the result of the negligence of the complaining party." *Id.* at 620, 301 S.E.2d at 576 (internal citations omitted). DOH could point to no

9

evidence that prior counsel was under misapprehension of a fact; rather the "mistake" as alluded to by DOH was the negligence of counsel in stipulating that the ownership of the limestone was not in dispute. DOH has only alleged that its attorney was not sufficiently diligent, which is an issue more appropriate for resolution between the attorney and DOH. Mistake of law, while arguably present, is *not* grounds to rescind a contract. Finding that there are no contractual principles on which to base rescission of the stipulation, we turn to whether the stipulation may be rescinded on the grounds of improvidence.

*Cole* requires that "both parties can be restored to the same condition as when the agreement was made" as a condition for rescinding a stipulation on the grounds of inprovidence. Syl., *Cole v. State Comp. Comm'r*, 114 W. Va. 633, 173 S.E. 263 (1934). DOH asserts, without factual basis, that if the stipulations were rescinded, the Veach Heirs would be in the same position as when the stipulations were made in 2013. We disagree. Given the long procedural history of this case, the Veach Heirs have demonstrated that they will experience significant prejudice if required effectively to "start over." The motion to set aside the stipulations was not filed until after the Newton case had been tried,[2] after the verdict was affirmed by this Court and after retention of new counsel. This motion was untimely and prejudicial to the Veach Heirs, even if there were evidence of improvidence.

---

[2] The substantive issues in this case have already been resolved by the Newton trial, as is discussed below in response to the collateral estoppel assignment of error.

10

Significantly, DOH also ignores the fact that that it *pleaded* the very same facts in its petition for condemnation filed in 2011. DOH alleged as a sworn fact that the Veach Heirs own the mineral rights, which encompassed the limestone, in its petition to initiate the Veach condemnation proceeding. While precedent may permit setting aside stipulations under certain circumstances, it does not permit setting aside pleadings absent timely amendment as a matter of course or seeking leave of court pursuant to West Virginia Rule of Civil Procedure 15(a).[3] Such an amendment to the pleadings at this point is, obviously, untimely and DOH never sought leave of court or permission of the opposing party to amend its pleadings. We previously have held that a "[p]laintiff [is] conclusively bound by allegations of fact, material or immaterial, contained in his pleadings." Syllabus, *Pettry v. Hedrick*, 123 W. Va. 107, 13 S.E.2d 401 (1941). DOH altogether failed to address this fact.

---

[3] West Virginia Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

11

In a similar vein, we note that the circuit court also considered the fact that in the underlying mandamus action, DOH initially challenged by motion the capacity of the Veach heirs to file the action because the estate of Anna Veach had not been settled. After conducting discovery, DOH voluntarily *agreed* to abandon pursuit of that motion and to file the instant condemnation action, in effect acknowledging that the Veach Heirs owned the mineral rights and *specifically the limestone*.

Petitioner urges us to rely upon *State ex rel. Crafton v. Burnside*, 207 W. Va. 74, 528 S.E.2d 768 (2000), a case in which the plaintiffs were permitted to withdraw consent to a bifurcated trial procedure after a change in counsel. The *Crafton* plaintiffs obtained additional counsel subsequent to the entry of a case management order providing that the consolidated cases would be tried in a reverse bifurcated manner. *Id.* at 76, 528 S.E.2d at 770. New counsel asserted that the initial counsel who consented was so inexperienced in toxic tort litigation that he failed to grasp the prejudice his clients would suffer as a result of agreeing to an alternate trial procedure. *Id.* The *Crafton* court concluded that plaintiffs should have been permitted to withdraw their consent to reverse bifurcation. *Id.* at 79, 528 S.E.2d at 773.

We find *Crafton* inapplicable here. This Court has previously stated that "[t]he mere fact of retaining new counsel, in the absence of incompetent prior representation, does not constitute "manifest injustice" under Rule 16, [West Virginia

Rules of Civil Procedure] [1992] such that it entitles . . . [the movant] to relief from the court's previously uncontested deadlines." *State ex rel. State Farm Fire & Casualty Co. v. Madden,* 192 W.Va. 155, 161, 451 S.E.2d 721, 727 (1994). Similarly, DOH should not be entitled to relief at this stage of the proceedings from stipulations entered when no evidence has been presented of the incompetence of prior counsel. Unlike the plaintiffs in *Crafton,* DOH is an experienced litigant in these types of cases and had its choice of counsel. Critically, DOH's stipulation pertains to a substantive issue previously represented as undisputed as opposed to a procedural issue, like the one in *Crafton*. As discussed above, whether a stipulation relates to a procedural or substantive issue is a dominant consideration in determining whether rescission is appropriate as the latter carries with it more danger of prejudice. *See* 4 Willston on Contracts §8.50 (4th ed. 2016).

Finally, we are not persuaded by DOH's argument that the stipulations should have been set aside because they are "contrary to controlling law." By DOH's own admission, whether or not limestone is reserved by a general mineral reservation is "an issue of first impression" for this Court and thus there is no "controlling law."[4] In this case, both parties, with aid of counsel, entered into stipulations in order to clarify the contested

---

[4] Because we find that the circuit court did not err in declining to set aside the stipulations, we find it unnecessary to address the issue of whether limestone is subject to a general mineral reservation.

issues for trial. DOH was free to enter into such stipulations (or not) and had assistance of counsel in so doing. DOH pleaded the facts underlying the stipulations in its condemnation petition. At this stage, the argument that the stipulations should now be set aside as "contrary to law" is disingenuous at best. For all of these reasons, we find that the circuit court did not err in refusing to set aside the stipulations.

### B. Collateral Estoppel

DOH contends that the circuit court erred in granting the Veach Heirs' motion for summary judgment based on the doctrine of collateral estoppel and the stipulations discussed above. Because we find that the circuit court made no error in refusing to set aside the stipulations, we focus on the court's reliance on the doctrine of collateral estoppel.

Syllabus Point 2 of *Conley v. Spillers*, 171 W. Va. 584, 301 S.E.2d 216 (1983), provides, in part, that "[c]ollateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Invocation of collateral estoppel is termed "offensive" in this case because the Veach Heirs are a stranger to the Newton action and application of collateral estoppel is to their benefit because they are not required to prove elements of their case. Initially, "we note that offensive use of collaterally estoppel is generally disfavored in this jurisdiction."

14

*Holloman v. Nationwide Mut. Ins. Co.*, 217 W. Va. 269, 275, 617 S.E.2d 816, 822 (2005). Offensive application is often disfavored because it can engender the precise opposite incentive intended – rather than encouraging joinder and limiting repetitive litigation, inappropriate offensive application may instead encourage a party to deliberately avoid consolidation or joinder in the first action to "wait and see" its outcome with nothing to lose and everything to gain. *See Conley v. Spillers*, 171 W. Va. 584, 592, 301 S.E.2d 216, 223-24 (1984). Thus, we have explained that "a stranger's right to utilize the doctrine of collateral estoppel is not *automatic* because it may depend on the peculiar facts of a given case," but such application is not precluded – the trial court has "rather broad discretion in determining when it should be applied." *Id.* (emphasis added).

In this case, a review of the record indicates the facts and circumstances surrounding the application of collateral estoppel in favor of a stranger to the action were aptly considered. There is no evidence that the Veach Heirs were deliberately avoiding consolidation or joinder; the cases had previously been consolidated for all pre-trial proceedings in the interest of judicial economy and by agreement of the parties. The parties agreed to try the cases separately, presumably to avoid jury confusion due to the very complicated procedural history involved in both of these cases. Further, the circuit court is best positioned to evaluate whether there was deliberate avoidance of joinder and is vested with the broad discretion of determining whether offensive application of collateral estoppel was appropriate under the peculiar facts and circumstances of this case.

Accordingly, we do not find that offensive use of collateral estoppel was precluded under the circumstances and turn to the merits of whether the doctrine of collateral estoppel was properly applied.

> As we have held:
>
> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Though raised briefly and without specificity, DOH challenges whether the first and fourth conditions for applicability of collateral estoppel as set forth in *State v. Miller* were met. Specifically, DOH claims the circuit court ignored the factual questions remaining, namely, the feasibility of quarrying the limestone, the value of the limestone, and the marketability of the limestone. DOH also emphasizes that the property at issue in this case is not the same property at issue in the Newton case. As to the fourth *Miller* condition, DOH asserts that it was not afforded a full and fair opportunity to litigate the issues previously and argues that this Court was foreclosed from meaningful consideration of trial errors on the merits in *Newton I* due to its prior counsel's failure to preserve those issues for appellate review.

The Veach Heirs respond that the proceedings in the Newton and Veach cases were identical and that DOH had a full and fair opportunity to litigate the issues in the Newton case. They argue that quantity, quality, market value and market price were established in Newton and that if the stipulations as to ownership are upheld, the case is resolved.

With respect to the analysis of the first *Miller* condition – whether the issue previously decided is identical to the one presented in the action in question – we have held that it "involves not only a determination of whether the facts are similar, but also a determination of whether the legal standards and procedures used to assess the facts are similar." *City of Huntington v. Bacon*, 196 W. Va. 457, 463, 473 S.E.2d 743, 749 (1996) (citing *State v. Miller,* 194 W. Va. at 10, 459 S.E.2d at 121). While DOH attempts to differentiate this case from Newton, we find the dispositive issues were indeed identical. The two cases were combined for all pre-trial proceedings without dispute by DOH counsel and had identical pre-trial rulings. The operative facts and issues in the cases were, in the words of counsel for DOH, "exactly the same." DOH's failure to condemn all interests in the real estate prior to the taking was at issue in Newton and was at issue here. Likewise, in both cases the mineral owners were required to seek writs of mandamus to force DOH to initiate condemnation proceedings.

Relatedly, we find that the factual issues DOH asserts are still in dispute likewise are resolved by application of collateral estoppel. Specifically, DOH argues that certain factual issues (the feasibility of quarrying the limestone, the value of the limestone, and the marketability of the limestone) are still in dispute and are not resolved through application of collateral estoppel. DOH concludes that the first element of *Miller* does not apply to resolve those factual disputes and therefore summary judgment was inappropriate. We disagree. The three issues DOH contends are still in dispute all relate to the nature of the limestone itself, which was taken from two similarly situated properties located about a mile apart from one another and utilized for the same purpose in building a section of Corridor H. The same experts were retained for both cases to present opinions on these issues and were subject to cross-examination and impeachment by DOH during the Newton trial. While resolution of these issues does require consideration of the date of the take,[5] the record shows that the respective takes were a mere twenty-eight days apart (April 29, 2011 and May 27, 2011). Because these issues are so factually analogous and were fully tried before a Hardy County jury, they are precluded from a reiterated review by another pursuant to the doctrine of collateral estoppel. To require re-litigation of these issues would be a waste of judicial resources.

---

[5] In the Newton trial, the mineral owner made a showing of marketability over an eighteen-month period (April 29, 2011 through October 29, 2012) which encompassed the date of the take in the Veach case. *See Newton I*, 235 W. Va. at 276-77, 773 S.E.2d at 380-81.

With respect to the fourth element – DOH's alleged lack of full and fair opportunity to litigate the issues – we have held that it is a basic due process right for a party to have the opportunity to have their arguments heard and to "have their day in court" before application of collateral estoppel is appropriate.

> Some litigants-those who never appeared in a prior action-may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.

*Conley v. Spillers*, 171 W. Va. 584, 594, 301 S.E.2d 216, 225 (1983) (internal citations omitted). "[T]he central inquiry on collateral estoppel is whether a given issue has actually been litigated by the parties in the earlier suit." *Peters v. Rivers Edge Mining, Inc.*, 224 W. Va. 160, 177, 680 S.E.2d 791, 808 (2009) (internal citations omitted). We have explained that "whether those issues could have been litigated is not important; they actually must have been litigated." *Abadir v. Dellinger*, 227 W. Va. 388, 394, 709 S.E.2d 743, 749 (2011).

We have found this element lacking in cases in which a default judgment was rendered, where the acts forming the basis of the suit were different in the first and second actions, or where collateral estoppel was otherwise applied to a party who was not permitted to participate. *See Stillwell v. City of Wheeling*, 210 W. Va. 599, 607 558 S.E.2d 598, 606 (2001) ("[a]pplying collateral estoppel to prevent one party from mounting a

defense when the estoppel is based solely upon another party's procedural default runs afoul of [due process] principles"); *Christian v. Sizemore*, 185 W. Va. 409, 413, 407 S.E.2d 715 (1991) ("issues are not actually litigated in a default judgment action and, consequently, […] default judgments are not appropriate foundations for the application of collateral estoppel"); *Holloman v. Nationwide Mut. Ins. Co.*, 217 W. Va. 269, 276-77, 617 S.E.2d 816, 823-24 (2005) (finding full and fair opportunity to litigate the issue would likely not be met where insurer altered general business practice between the time the insurer handled the two different claims); *Horkulic v. Galloway*, 222 W. Va. 450, 460 665 S.E.2d 284, 294 (2008) (insurance company not permitted to participate in settlement enforcement hearing could not be collaterally estopped in subsequent challenge to confessed judgment).

We find here that DOH was given full and fair opportunity to present its arguments on the same set of operative facts in the Newton trial and appeal. As discussed above, DOH was an active participant in the Newton matter and had the opportunity to litigate the issues to the full extent of a jury trial and to appeal that verdict to this Court. DOH was fully afforded its "day in court" in Newton with respect to its actions relating to these properties. The issues had been consolidated without DOH's opposition and proceeded in tandem prior to the Newton trial because, in the words of DOH's own counsel, they involved "exactly the same issues." DOH cannot now claim that the operative issues are sufficiently dissimilar to prohibit application of collateral estoppel. Based on the above, we find the DOH was given full opportunity to litigate the disputed issues.

20

DOH's claim that the lack of meaningful *appellate review* by this Court of certain issues in *Newton I* renders collateral estoppel inapplicable in this case is also unavailing.[6] While DOH believes errors were made during the Newton trial that did not permit this Court to review fully the jury's findings, it does not detract from the fact that DOH had the right to the counsel of its choice and had full and fair opportunity to litigate the issues. Even if we accept DOH's argument that the fourth *Miller* element is not met due to lack of meaningful appellate review in *Newton I*, the only issues not litigated fully and fairly would necessarily be limited to the assignments of error raised in *Newton I* that were not reviewed on the merits. It would not, as DOH may hope, provide open season on all issues tried or stipulated to during and prior to the Newton trial, namely whether limestone is subject to a general reservation of mineral rights.[7] Although this Court noted that such review of errors on the merits was limited, the case was reviewed nonetheless

---

[6] In *Newton I*, we held that "Rule 59(f) of the West Virginia Rules of Civil Procedure does not preclude a party from appealing definitive pretrial rulings of a trial court that are in the record, even though the party failed to file a post-trial motion for a new trial." *Syl. Pt. 1, in part, Newton I*, 235 W. Va. 267, 773 S.E.2d 371. We reviewed DOH's assignments of error that complied with our holding on the merits, but noted that the posture of the exception to the waiver rule in Rule 59(f) limited review of the merits of pretrial rulings. *Id.* at 273 n.12, 773 S.E.2d at 377 n.12.

[7] In *Newton I* we noted: "DOH also has contended that the limestone was not a mineral. However, this contention is inconsistent with a stipulation DOH made prior to trial. That stipulation . . . states: 'The *minerals* reserved by Margaret Z. Newton include limestone and gravel as defined by the Court.' (Emphasis added)." 235 W. Va. at 273 n.13, 773 S.E.2d at 377 n.13.

and the verdict was affirmed. Full and fair opportunity to litigate the issues does not mean actual litigation of the issues free of tactical mistakes. Consequently, the fourth element of collateral estoppel is also satisfied. Accordingly, we find the circuit court did not err in applying the doctrine of collateral estoppel in granting the Veach Heirs' motion for summary judgment.

### D. *Attorneys' Fees and Costs*

As noted above, the circuit court awarded attorneys' fees and costs to the Veach Heirs in both the mandamus and condemnation actions. DOH contends that it was not given the opportunity to be heard on the issue of attorneys' fees and costs. We consistently have held that a circuit court must afford a party notice and the opportunity to be heard prior to awarding attorneys' fees and costs. *See, e.g., Multiplex v. Town of Clay*, 231 W.Va. 728, 749 S.E.2d 621 (2013); *Kanawha Valley Radiologists, Inc. v. One Valley Bank, N.A.,* 210 W.Va. 223, 229, 557 S.E.2d 277, 283 (2001).

Upon review of the record, we are unable to find that any notice was given to DOH that the circuit court was considering the matter of attorneys' fees and costs. According to the appendix presented to this Court, no hearing regarding the issue was noticed or conducted.[8] The circuit court entered its order granting summary judgment in

---

[8] While the docket sheet in the appendix suggests that the Veach Heirs filed a motion for attorneys' fees and costs with the circuit court, such motion is not a part of the appellate record.

favor of the Veach Heirs and simultaneously awarded attorneys' fees and costs based on a finding of bad faith in a summary fashion. We find that DOH was not provided the opportunity to dispute the finding of bad faith or statutory entitlement that resulted in the circuit court's award of fees to the Veach heirs. Likewise, DOH was not provided the opportunity to address the reasonableness of the fee award itself. Therefore, we find the circuit court abused its discretion in awarding attorney's fees and costs without giving DOH notice and the opportunity to be heard on the matter.

In our recent decision in *West Virginia Department of Transportation, Division of Highways v. Newton* (No. 16-0325) 2017 WL 958602 (W. Va. March 7, 2017) ("*Newton II*"), we established the legal framework for consideration of whether an award of attorney's fees and costs is warranted in similar circumstances. As we explained in *Newton II*, should it be determined that the Veach Heirs are entitled to recover attorneys' fees and costs in one or both proceedings, Syllabus Point 4 of *Aetna Casualty & Surety Company v. Pitrolo*, 176 W.Va. 190, 343 S.E.2d 156 (1986) controls:

> Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the

23

attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Indeed, as further discussed in *Newton II*:

> '[t]he determination of whether fees are reasonable is simply a fact driven question that must be assessed under the *Pitrolo* factors.' *Multiplex, Inc. v. Town of Clay*, 231 W.Va. 728, 738, 749 S.E.2d 621, 631 (internal quotations and citation omitted). As such, 'in order for a circuit court to determine those facts, it must allow the parties to present evidence on their own behalf and to test their opponents' evidence by cross-examination[.]' *Id.*

*Newton II*, 2017 WL 958602 at *10.

Accordingly, for the reasons set forth above, we reverse the circuit court's rulings on attorneys' fees and costs. We remand this matter for a hearing to provide both parties the opportunity to be heard on the issues of whether the Veach Heirs are entitled to recover attorneys' fees and costs, taking into consideration our recent decision in *Newton II*. If the court makes a determination that attorneys' fees and costs are to be awarded, the court shall conduct a *Pitrolo* hearing and enter an order containing sufficient findings of fact and conclusions of law with respect to the reasonableness of the amount of the award to allow meaningful appellate review should either party elect to file an appeal. [9]

---

[9] As set forth above, the Veach Heirs' assigned error to the circuit court's failure to award attorney fees based on the contingency fee contract they have with their attorney. As we explained in *Newton II*, a contingency fee contract "cannot be the sole basis for determining the amount of the attorney's fee award." *Id.* at *9. Rather, whether the fee is fixed or contingent is one of the factors to be considered in making a determination of a

24

*E.*      *Calculation of Interest*

The circuit court's judgment in favor of the Veach Heirs included an award of interest "at a rate of 10% per annum accruing from the date of the take on May 27, 2011." The Veach Heirs contend, however, that the interest calculation should commence as of the date of the filing of their petition for a writ of mandamus (October 12, 2010) rather than the date of the filing of DOH's petition for condemnation (May 27, 2011). In response, DOH maintains that if prejudgment interest is to be awarded at all, the calculation should commence as of May 27, 2011.

We have recognized that "'[t]he rule that damages are to be assessed as of the date of the taking does not contemplate a physical taking not sanctioned by law, but a taking by appropriate legal proceedings . . . . '" *West Virginia Dep't. of Highways v. Roda*, 177 W.Va. 383, 387, 352 S.E.2d 134, 138 (1986) (citing 3 J. Sackman, *Nichols' The Law of Eminent Domain*, § 8.5(3) at 8-115 (1985). Consistent with this principle, the circuit court's pretrial ruling states as follows:

> That the date of take was the date the WVDOH filed the Petitions and not the date of taking of the surface or the commencement of construction, pursuant to *West Virginia Dept. of Highways v. Roda*, 177 W.Va. 383, 352 S.E.2d 134 (1986).

reasonable fee under *Pitrolo*. Syl. Pt. 4, *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W.Va. 190, 343 S.E.2d 156.

We have held that "[s]tatutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syl. Pt. 3, *Smith v. State Workmen's Compensation Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). In addition, it is well-established that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959). West Virginia Code §§ 54-2-12 to -16 clearly state that interest is to be paid in condemnations proceedings from "the date of filing of the petition." Contrary to the Veach Heirs' assertion, the "petition" referenced in these provisions is a petition for condemnation. As West Virginia Code § 54-2-21, which specifically relates to new interest rates for the preceding sections, provides:

> The percent interest rate provided for in sections twelve, thirteen, fourteen, fourteen-a, fifteen, sixteen and eighteen of this article, shall be applicable only to condemnation proceedings hereafter instituted. The rate of interest previously applicable to proceedings under the above sections shall continue to be applicable to *condemnation proceedings heretofore instituted*.

(emphasis added).

The Veach Heirs identify no legal authority for the proposition that the "petition" referenced in these statutes is anything other than a petition for condemnation.

Accordingly, based on the above, we find no error in the circuit court's ruling that the prejudgment interest should be calculated according to the date of the filing of the petition for condemnation (May 27, 2011).

## IV.    CONCLUSION

For the foregoing reasons, we affirm the March 2, 2016, order of the Circuit Court of Hardy County granting the Veach Heirs' motion for summary judgment and setting the date of commencement of interest from the date of the filing of the condemnation proceeding.  With respect to the award of attorneys' fees and costs, the matter is reversed and remanded for further proceedings consistent with this Opinion.

Affirmed, in part, reversed, in part and remanded.