# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY J. GREGORY and JANICE L. GREGORY,**
**Plaintiffs Below, Petitioners**

**v.) No. 23-ICA-421**     (Cir. Ct. of Upshur Cnty. Case No. CC-49-2017-C-128)

**JACK O. LONG and LORA A. LONG,**
**Defendants Below, Respondents**

**and**

**JACK O. LONG and LORA A. LONG,**
**Defendants Below, Petitioners**

**v.) No. 23-ICA-422**     (Cir. Ct. of Upshur Cnty. Case No. CC-49-2017-C-128)

**TIMOTHY J. GREGORY and JANICE L. GREGORY,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

In this consolidated appeal from the Circuit Court of Upshur County, both Timothy J. Gregory and Janice L. Gregory ("Gregorys") and Jack O. Long and Lora A. Long ("Longs") appeal the Circuit Court of Upshur County's July 7, 2023, jury trial order and August 23, 2023, post-trial motions order. The parties each filed a response and a reply.[1] The parties' arguments on appeal center on the jury's verdict and the circuit court's denial of their cross post-trial motions.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, the issues raised on appeal arise from jury trial and post-trial issues, making a complete factual recitation of this case unnecessary. Moreover, this case was previously reviewed by our Supreme Court of Appeals in *Gregory v. Long*, 247 W. Va.

---

[1] On appeal, the Gregorys are represented by J. Burton Hunter, III, Esq. The Longs are represented by Jeremy B. Cooper, Esq.

160, 875 S.E.2d 298 (2022) (reversing the circuit court's award of partial summary judgment on behalf of the Longs and remanding the case for further proceedings) ("*Gregory I*"). Our abbreviated summary of the factual and procedural history of this case is as follows.

The Gregorys and Longs own adjoining tracts of land in Upshur County. At issue is a road named Jasper Way.[2] The roads lead from a public highway, with a section of the road crossing a portion of the Longs' property before arriving at the Gregorys' property. Based upon written trial stipulations, the parties agreed that the Gregorys possess a right of way over the Longs' property through Jasper Way. However, a dispute arose in April of 2017 when the Longs prevented the Gregorys from widening a portion of Jasper Way to twenty-five feet, which the Gregorys claimed was the width of their right of way. The Longs also prevented a dump truck that was hired by the Gregorys from laying gravel to widen Jasper Way. According to the record, the Gregorys' actions were in preparation for the logging of the timber on their property. The Longs objected to any act by the Gregorys that might widen or straighten Jasper Way into the ditches, fences, flowers, and trees on their property.

The Gregorys filed their original complaint on December 27, 2017, in which they sought, among other things, a declaratory judgment to clarify the existence, location, width, and permissive use of Jasper Way across the Longs' property. The Gregorys then filed first, second, and third amended complaints in the case. The third amended complaint was filed on October 4, 2019. As part of the complaint, the Gregorys alleged that based upon a map completed by A.B. Brooks in 1905 ("A.B. Brooks Map"),[3] Jasper Way was identified as a county road, and that while not presently maintained by the county, it had not been abandoned by an order of the county commission. The third amended complaint also averred that pursuant to state law from the early 1900s, the Gregorys possessed a thirty-foot right of way across Jasper Way. *See, e.g., Acts of the Legislature*, ch. 52, § 2, at 402 (1909) (requiring county roads to "occupy a right of way not less than thirty feet wide");

---

[2] It is undisputed that this road was previously unnamed, and that in 2009, the Upshur County Commission designated the road Jasper Way as part of its county mapping system.

[3] According to the record, the map was commissioned by the Upshur County Court (now County Commission) and it displays the county's roads, as they existed in 1905. Mr. Brooks, an employee of the County Clerk's office, prepared the map and upon its completion, it was put on permanent display outside of the County Clerk's office.

Hogg's Code, ch. 43, § 1940-68 (1918) (establishing a thirty-foot right of way for county roads) ("Hogg's Code").[4]

After the case was remanded in *Gregory I*, a jury trial was held May 15-18, 2023. Prior to trial, the parties entered into a series of written stipulations which were filed with the circuit court on May 15, 2023. Among them, the parties agreed to the following factual stipulation:

> The parties stipulate and agree that [Jasper Way] referred to by [the Gregorys] as a "right of way" and by [the Longs] as a "road" exists to property owned by the [Gregorys], over property of [the Longs], and if it is a right of way, the [Gregorys] are the owners of the "dominant estate" which will be defined by the Court's jury instructions and the [Longs] are the owners of the "servient estate," which will also be defined by the [circuit] [c]ourt's instructions to the jury.

The issue of whether the A.B. Brooks Map established Jasper Way as a county road was one of the key issues for the jury to decide at trial. Both parties offered expert testimony as to the meaning of this document. The Gregorys offered the expert opinion of John W. Fisher, II ("Dean Fisher"), who previously taught property law at the West Virginia University College of Law for over forty years. It was Dean Fisher's expert opinion that there was "compelling evidence" in this case that Jasper Way was part of Upshur County's county road system in the 1900s as established by the A.B. Brooks Map, and that the county commission has never taken the action necessary to legally abandon Jasper Way as a county road. Dean Fisher further opined that between 1868 and 1931, the West Virginia Code established that every county road was required to be thirty feet wide; therefore, it was his expert opinion that the width of the Gregorys' right of way was thirty feet.

The Longs offered the expert testimony of Paul J. Kinder, PhD ("Dr. Kinder"), who holds bachelor's and master's degrees in geography and a doctoral degree in human and community development. He was recognized by the circuit court as a mapping expert. In forming his expert opinion, Dr. Kinder examined the symbology or legend depicted on the A.B. Brooks Map in comparison to symbology used by other maps of the same area, including geological maps. Based upon his examination, Dr. Kinder opined that the A.B. Brooks Map's symbology did not clearly differentiate between public and private roads. Therefore, it was his opinion that the A.B. Brooks Map did not establish Jasper Way as a county road. Dr. Kinder offered no opinion as to the width of the subject right of way.

---

[4] This statute existed prior to the Legislature recodifying the West Virginia Code in 1930. While it is unclear when it was repealed by the Legislature, this statutory requirement no longer exists.

On May 18, 2023, the jury returned its verdict, finding by a preponderance of evidence that the Gregorys failed to prove that the A.B. Brooks Map established Jasper Way as a county road or that the road had a thirty-foot right of way. Instead, the jury determined the evidence established the width of the right of way to be twenty feet. It further found that the Gregorys failed to prove damages.

In their post-trial motions, both parties sought to renew their motions for judgment as a matter of law pursuant to Rule 50(b) of the West Virginia Rules of Civil Procedure.[5] The Gregorys argued that the verdict was error because Dr. Kinder, who is not a surveyor, civil engineer, or legal expert, was improperly recognized as a mapping expert and permitted to testify about matters outside his area of expertise. Instead, they contended that Dean Fisher was the most qualified to testify on the matters at trial and that his expert opinions as to the existence of Jasper Way as county road on the A.B. Brooks Map and having a right of way of thirty feet was clear and unambiguous. Therefore, the jury erred by disregarding Dean Fisher's opinion in favor of Dr. Kinder's testimony, and it was error for the circuit court to permit the jury to consider any right of way width other than the statutorily proscribed width of thirty feet.[6]

The Gregorys' Rule 50(b) motion was joined with a motion for a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. They also filed a renewed motion to lift the temporary injunction previously entered by the circuit court which prohibited them from performing any maintenance of the right of way. This motion also sought entry of an injunction against the Longs, preventing them from interfering with the Gregorys' use and enjoyment of their right of way.

Conversely, the Longs' motion argued that the circuit court erred by permitting the jury to determine the width of the right of way. Rather, they asserted that the only issue at trial was whether the A.B. Brooks Map established Jasper Way as a county road, which the jury found it did not. They also argued that the Gregorys failed to allege that they had a right of way pursuant to a prescriptive easement or by deed. Thus, there was no remaining

---

[5] Our Rule 50(b) is titled *Renewal of motion for judgment after trial; alternative motion for new trial*. This Rule closely mirrors the language of Rule 50(b) of the Federal Rules of Civil Procedure, and similar to the federal rule, it has also replaced the terms "directed verdict" and "judgment notwithstanding the verdict" with the all-encompassing term, "judgment as a matter of law." Here, the Gregorys filed a "Renewed Motion for Judgment After Trial; Alternative Motion for New Trial;" whereas the Longs filed a "Motion for Judgment Notwithstanding Verdict." Nevertheless, both motions are governed by Rule 50(b) of the West Virginia Rules of Civil Procedure.

[6] In their post-trial motion, the Gregorys stated that they would accept the twenty-foot right of way, but that ideally, they should be awarded a thirty-foot right of way based upon the language of the 1918 statute.

cause of action upon which the jury could consider the right of way's width once it determined Jasper Way was not a county road. As part of this motion, the Longs alternatively sought a new trial under Rule 50(b). *See* W. Va. R. Civ. P. 50(b) (stating that in addition to renewing a motion for judgment under this Rule, a movant may also "request a new trial or join a motion for a new trial under Rule 59 [of the West Virginia Rules of Civil Procedure].").

By order entered on August 23, 2023, the circuit court denied all post-trial motions. As to the Gregorys' motion, it found that the jury was properly instructed as to the law and the weighing of witness testimony. Thus, when considering the evidence in light most favorable to the defendant, the jury properly weighed and considered the evidence and expert testimony adduced when it decided that the 1905 map did not establish a county road. The circuit court rejected the Longs' contention that the Gregorys had failed to plead a cause of action which would place a determination of the right of way's width before the jury. Here, it was determined that there was sufficient language within the third amended complaint to put the issue before the jury, and that there was no error in its determination for the width of the right of way. For similar reasons, the circuit court denied the parties' requests for a new trial and refused to lift the preliminary injunction because the parties' appeal rights were still in effect. This appeal followed.

Our review for an order granting or denying a Rule 50(b) motion under the West Virginia Rules of Civil Procedure is de novo. Syl. Pt. 1, *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009) ("The appellate standard of review for an order granting or denying a renewed motion for a judgment as a matter of law after trial pursuant to Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998] is *de novo*."). However, the standard of review that we apply to a circuit court's ruling on a motion for new trial is limited. As our Supreme Court of Appeals has explained:

> The ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, and the trial court's ruling will be reversed on appeal only when it is clear that the trial court has acted under some misapprehension of the law or the evidence. In other words, while the decision to grant a new trial is afforded great deference, when a trial court abuses its discretion and grants a new trial on an erroneous view of the law, a clearly erroneous assessment of the evidence, or on error that had no appreciable effect on the outcome, it is this Court's duty to reverse.

*Grimmett v. Smith*, 238 W. Va. 54, 59-60, 792 S.E.2d 65, 70-71 (2016) (quotations and citations omitted). With these standards in mind, we now consider the parties' arguments.

5

On appeal, the Gregorys present us with two assignments of error for review.[7] First, they argue that they were entitled to judgment as a matter of law with a finding that their right of way across Jasper Way was thirty feet wide. On this issue, they assert that the A.B. Brooks Map establishes Jasper Way as a county road, the road has not been legally abandoned by the county commission, and Hogg's Code establishes their right of way at thirty feet. For these reasons, the Gregorys maintain the circuit court erred by not granting them judgment as a matter of law, and as a result, the jury erred in its verdict. We are not persuaded by these arguments. When evaluating a motion pursuant to Rule 50(b) of the West Virginia Rules of Civil Procedure, our Supreme Court of Appeals has noted:

> A motion for judgment [as a matter of law] may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is sufficient conflicting evidence, or insufficient evidence to establish conclusively the movant's case, judgment [as a matter of law] should not be granted. In considering the motion, the trial court and the appellate court must view the evidence in the light and with all reasonable inferences most favorable to the party who secured the jury's verdict.

*Sias v. W-P Coal Co.*, 185 W. Va. 569, 577-58, 408 S.E.2d 321, 329-30 (1991). Further, "[i]n a case where the evidence is such that the jury could have properly found for either party upon the factual issues, a motion for judgment notwithstanding the verdict should not be granted." Syl. Pt. 7, *McClung v. Marion Cnty. Comm'n*, 178 W. Va. 444, 446, 360 S.E.2d 221, 223 (1987).

Moreover, when considering a challenge to a jury's verdict, we apply the following standard:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

---

[7] In their brief, the Gregorys list a third assignment of error in which they contend the circuit court erred by granting a stay pending appeal and for denying its motion for injunctive relief and the imposition of a bond upon the Longs. However, because the Gregorys fail to argue this assignment of error, we deem the same waived. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 307, 284 S.E.2d 374, 376 (1981) ("[a]ssignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived.")

Syl. Pt. 5, *Orr v. Crowder*, 173 W. Va. 335, 339, 315 S.E.2d 593, 596 (1983).

At trial, the parties offered the jury conflicting evidence with respect to the meaning of the A.B. Brooks Map and testimony as to the width of the Gregorys' right of way across Jasper Way. Neither party's evidence established only one reasonable conclusion. Notably, in this case, there has been no allegation that the jury was not properly instructed. Instead, the dispute in this case centers upon the jury's assessment of the conflicting evidence presented by the parties at trial. "When a case involving conflicting testimony and circumstances has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless plainly contrary to the weight of the evidence or without sufficient evidence to support it." Syl. Pt. 4, *Laslo v. Griffith*, 143 W. Va. 469, 102 S.E.2d 894 (1958). Upon our review of the record, the parties presented the jury with sufficient conflicting evidence from which the jury could have properly found for either party. Thus, after applying all reasonable inferences, we conclude that there was sufficient evidence to support the jury's verdict; likewise, for those same reasons, there is no error in the circuit court's denial of the Gregorys' Rule 50(b) motion. Therefore, we affirm the circuit court on this issue.

The Gregorys' final assignment of error is that circuit court erred by permitting Dr. Kinder to offer opinions on issues for which he was not qualified. On this issue, the Gregorys rely on Syllabus Point 4 of *Gentry v. Mangum*, 195 W. Va. 512, 514, 466 S.E.2d 171, 174 (1995), which states:

> When scientific evidence is proffered, a circuit court in its "gatekeeper" role under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Wilt v. Buracker,* 191 W. Va. 39, 443 S.E.2d 196 (1993), *cert denied,* 511 U.S. 1129, 114 S.Ct. 2137, 128 L.Ed.2d 867 (1994), must engage in a two-part analysis in regard to the expert testimony. First, the circuit court must determine whether the expert testimony reflects scientific knowledge, whether the findings are derived by scientific method, and whether the work product amounts to good science. Second, the circuit court must ensure that the scientific testimony is relevant to the task at hand.

*Id.* However, the Gregorys do not offer further argument in support of their position on appeal. The Gregorys do not explain how the circuit court abused its discretion by finding that Dr. Kinder was qualified to offer his opinion as a mapping expert. *See* Syl. Pt. 5, *Mayhorn v. Logan Med. Found.*, 193 W. Va. 42, 44, 454 S.E.2d 87, 89 (1994) (quotations and citations omitted) (holding that whether a witness is qualified to state an opinion is within the discretion of the trial court and that its ruling will not be disturbed absent an abuse of discretion). Likewise, the Gregorys have not established how the circuit court was clearly wrong when it admitted Dr. Kinder's testimony. *See* Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W. Va. 269, 271, 406 S.E.2d 700, 702 (1991) ("The admissibility of

testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong."). Further, while they note that Rule 702 of the West Virginia Rules of Evidence governs expert testimony, they offer no analysis of that Rule as it applies to Dr. Kinder's testimony. Having failed to establish error or an abuse of discretion, we find no merit in the Gregorys' argument on this issue and affirm the circuit court.

As a final contention within this assignment of error, the Gregorys also assert that the jury erred by giving Dr. Kinder's testimony more weight than that of their expert witness, Dean Fisher. We are not persuaded by this argument. As our Supreme Court of Appeals has previously held:

> Pursuant to *West Virginia Rules of Evidence* 702 an expert's opinion is admissible if the basic methodology employed by the expert in arriving at his opinion is scientifically or technically valid and properly applied. The jury, and not the trial judge, determines the weight to be given to the expert's opinion.

*Mayhorn*, 193 W. Va. at 44, 454 S.E.2d at 89, syl. pt. 4. As we have previously established, the Gregorys provided no analysis under Rule 702 regarding the admissibility of Dr. Kinder's expert opinion. More importantly, our law clearly states that a jury determines the weight to be given to the expert's opinion. Here, the jury heard the opinions of the parties' competing experts and gave those opinions what weight and credibility it deemed appropriate in arriving at its verdict. As such, we decline to disturb the jury's verdict in this case.

Turning now to the Longs' appeal, their sole assignment of error is that it was error for the circuit court to permit the jury to determine the width of the Gregorys' right of way. Below, the circuit court found that the third amended complaint contained sufficient facts for the jury to alternatively consider whether the Gregorys obtained a right of way by prescriptive easement. However, the Longs contend that according to the third amended complaint, the only issue properly before the jury was whether Jasper Way was a county road and because the jury found that it was not, the width of the right of way could not be considered. They also argue that language relied upon by the circuit court in the third amended complaint was insufficient to raise the issue of an easement, and that even if it were sufficient, the Gregorys offered no evidence to establish the same and the jury was not instructed on this issue.

Upon review, we find no error in the jury's consideration and ultimate determination of the width of the Gregorys' right of way in this case. In reaching this conclusion, we do not need to address the Longs' arguments or the circuit court's reasoning. Instead, we find that the parties' trial stipulations are binding upon the parties and dispositive of this issue. On this issue, our state's highest court has stated:

As for whether the stipulations were binding, in the seminal case of *West Virginia Department of Transportation v. Veach*, 239 W. Va. 1, 8, 799 S.E.2d 78, 85 (2017), this Court noted that "attorneys are authorized to enter into stipulations on behalf of their clients and a party is ordinarily bound by a stipulation made by its attorney." *Veach* recognized a bedrock principle: a stipulation is an enforceable contract, and, like a contract, relief from a stipulation "is usually available only in cases of fraud, mistake, improvidence or material change in circumstances, where in equity and good conscience the stipulation ought not to stand." *Id.* (quoting 4 Williston on Contracts § 8.50 (4th ed. 2016)). This Court unanimously concluded in Syllabus Point 6 of *Veach* that "[a] circuit court is afforded wide discretion in determining whether or not a party should be relieved of a stipulation, and such decision should not be set aside absent an abuse of discretion." *Id.* at 4, 799 S.E.2d at 81.

*Fairmont Tool, Inc. v. Davis*, 246 W. Va. 258, 271, 868 S.E.2d 737, 750 (2021). In this case, nothing in the record shows that either party sought to set aside the trial stipulations, nor is a correlating argument made on appeal. Therefore, the parties are bound by their stipulations. As indicated above, the parties stipulated that the Gregorys owned the dominant estate and that the Longs owned the servient estate. *See Newman v. Michel*, 224 W. Va. 735, 740-41, 688 S.E.2d 610, 615-16 (2009) ("The land benefitting from an easement is called the *dominant estate;* the land burdened by an easement is called the *servient estate.*"). Thus, under this stipulation, the parties established the existence of an easement, leaving only its width to be determined by the jury. We decline to disturb the jury's verdict in this regard.

Accordingly, we find no error and affirm the circuit court's July 7, 2023, and August 23, 2023, orders.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

9